UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL REYES,

      Petitioner,

- against -

ALBERTO R. GONZALES, et al.,

      Respondents.

REPORT AND RECOMMENDATION

04 Civ. 5077 (BSJ) (RLE)

**To the HONORABLE BARBARA S. JONES, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* petitioner, Manuel Reyes ("Reyes"), seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge (1) his order of removal from the United States, and (2) his detention under section 236(c) of the Immigration and Nationality Act ("INA"). Emergency Complaint for Declaratory Injunctive Relief and Petition for Writ of Habeas Corpus (with Stay of Deportation) ("Pet.") at 3-5. Reyes is a citizen of Nicaragua and was a lawful permanent resident of the United States beginning in 1976. Pet. at 2. He was convicted of attempted assault in the second degree in 1992, and of criminal sale of a controlled substance in the fifth degree in 1998. Pet. at 3.

The Immigration and Naturalization Service ("INS"), now the Bureau of Immigration and Customs Enforcement ("BICE"), initiated removal proceedings against Reyes in 1999, charging him with removal under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an immigrant with a conviction for an aggravated felony. Pet. at 4. On December 10, 1999, an Immigration Judge ("IJ") ordered Reyes removed, a decision which Reyes appealed to the Bureau of Immigration Appeals ("BIA"). Respondents' Return to the petition for writ of habeas corpus,

filed by Michael Garcia, United States Attorney, December 16, 2005 ("Return"), Exh. D. The BIA remanded his case for consideration of relief under INA § 212(c) after the Supreme Court's decision in **INS v. St. Cyr**, 533 U.S. 289 (2001). Return, Exh. E. The request for relief was denied on September 23, 2003, and on October 21, 2004, the BIA dismissed Reyes's appeal of that decision. Return, Exhs. F and H.

While the BIA proceedings were pending, Reyes filed this habeas petition on June 28, 2004. He was directed to amend his petition to show whether he had exhausted administrative remedies, and then granted additional time to do so. Order, October 12, 2004, Chief Judge Michael B. Mukasey. Reyes filed an amended petition on November 8, 2004, noting that the BIA had affirmed his removal order. *See* amended Pet.

On December 6, 2004, Reyes was removed from the United States. Return, Exh. I. He thereafter re-entered the country, was apprehended, and convicted for illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b). **Id**., Exh. J. He is currently detained at the Federal Medical Center in Butner, North Carolina. **Id**., Exh. K.

## II. DISCUSSION

**A. Challenge to Order of Removal**

On May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231 ("REAL ID Act"). The Act removes jurisdiction from the federal district courts of pending habeas petitions challenging final administrative orders of removal. REAL ID Act § 106. Such cases are to be transferred as a petition for review to the court of appeals for the circuit in which a petition for review could have been properly filed, that is, "the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C.A. § 1252(b)(2). In

2

Reyes's case, that is the Fifth Circuit Court of Appeals, because his case was overseen by an Immigration Judge in Oakdale, Louisiana. Return, Exh. F. Reyes's petition should be bifurcated and the portion of his petition addressing his removal claim transferred to the Fifth Circuit Court of Appeals.

**B. Challenge to Detention**

Reyes's challenge to his detention is still within the purview of this Court. At the time of his habeas petition, Reyes had been detained for over four and a half years in INS custody. However, he was deported on December 6, 2004, which makes any challenge to his detention moot. *See* **So v. Reno**, 251 F. Supp. 2d 1112, 1130 (E.D.N.Y. 2003). The law requires the immigrant to be "in custody" in order for the courts to review his habeas petition. 28 U.S.C. § 2241(c)(3). The Second Circuit has found that challenges to orders of removal may be considered even though an immigrant has been removed, because facing a lifetime bar to re-entry to the United States is an "actual injury" filling the "case or controversy" requirement of Article III, Section 2, of the Constitution, and because a favorable decision by the court would vacate the removal order, redressing that injury. **Perez Cuevas v. INS**, 125 Fed. Appx. 328, 329 (2d Cir. 2005) (*citing* **Swaby v. Ashcroft**, 357 F.3d 156, 160 (2d Cir. 2004)); *see* **Kamagate v. Ashcroft**, 385 F.3d 144, 146 (2d Cir. 2004).

In contrast, an order by this Court could not redress any injury related to Reyes's detention before his removal, even if it were unconstitutional, since that detention has ended. To the extent Reyes's petition challenges his one-time detention pursuant to his pending, and now complete, immigration proceedings, the petition should be **DENIED**.

## III. CONCLUSION

For the foregoing reasons, Reyes's habeas petition should be **BIFURCATED** and the portion challenging his removal order **TRANSFERRED** to the Fifth Circuit Court of Appeals. As required by that court, the order should include Reyes's "Alien" Number: A34-626-099, and a paper copy of the record pertaining to Reyes's removal should be transmitted with the transfer order. *See* Administrative Order, July 8, 2005, Chief Judge Carolyn Dineen King. The portion of Reyes's petition challenging his detention should be **DENIED** as moot.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Barbara S. Jones, 40 Centre Street, Room 2103, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Sec'y of Health and Human Servs.**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: December 28, 2005**
**New York, New York**

Respectfully Submitted,

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

4

Copies of this Report and Recommendation were sent to:

Manuel Reyes-Sandoval, *Pro se*
Reg. No. 51996-179
FMC Butner
Federal Medical Center
PO Box 1600
Butner, NC 27509

Sue Chen
Special Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Fax: (212) 637-2786